## ORDER TO PLACE DEPOSITION ON FILE.

Superior Court of Cincinnati.

BEN BLOCK v. THE CINCINNATI TRACTION COMPANY ET AL.*

Decided, April 25, 1925.

*Depositions—Mandatory Provision of the Statute as to their Disposition—Are Part of the Record and the Court will Order them Filed.*

A motion lies to compel the filing, as of the proper date, of a deposition which was withheld from the files in an action which has been dismissed.

*Simeon M. Johnson* and *Edgar M. Powers,* attorneys for plaintiff.

*Roettinger & Street* and *Leo J. Brrmleve, Jr.* attorneys for defendants.

MARX, J.

This case was filed January 22nd, 1924. On April 25th, 1924, one of the defendants took the deposition of the plaintiff before a notary public of this county. The deposition was properly signed by the plaintiff, but was not transmitted to the clerk of this court as required by Section 11538 of the General Code. This section is mandatory and provides that the officer before whom it was taken, "shall address and transmit it to the clerk of the Court where the action or proceeding is pending."

On May 20, 1924, the present action was dismissed by the plaintiff "without prejudice." On the next day, the plaintiff commenced another action against the same parties for the same cause of action which is case No. 59084, and is now pending in this court and set for trial. It appears that the plaintiff is absent from the county and will be absent from the county upon the trial of this case. His attorney desiring to use the evidence of the plaintiff embodied in his deposition and finding that the same was not

---

*Affirmed by the Court of Appeals, First Appellate District, May 28, 1925.   Pleading in Supreme Court of Ohio.

filed in the previous case as required by law, moves the court for an order to compel the notary who took said deposition or the attorney for the defendant, at whose instance said deposition was taken, to file the same in said case as should have. been done under the above statute.

The right to compel the filing of this deposition is contested on the ground that the action in which the same was taken is no longer pending.

It is clear that the deposition of the plaintiff, taken at the instance of the defendant was evidence in the case. Upon being reduced to writing, said deposition became as much a court record as any other proceeding in the case. It was the imperative and statutory duty of the notary to transmit said deposition to the clerk of this court. His failure to do so does not deprive such deposition of its character as a court record, nor prevent this court from exercising jurisdiction to compel a completion of the record of said case.

The fact that the case was dismissed without prejudice, does not oust the jurisdiction of this court to compel officers of this Court to comply with the law and to place court records, documents and evidence on file with the clerk of this court.

All courts frequently exercise such jurisdiction after final judgments, entries of dismissal, etc. For example, in cases that are no longer considered "pending," entries are frequently made ordering record waived or completed, retaxing costs, setting aside previous entries, ordering the clerk to cancel uncancelled mortgages, ordering supplemental or additional receiver's accounts, withdrawing exhibits and staying execution. These are all instances of the continuing jurisdiction of the court.

The present motion is in effect, a motion to compel an officer of the court to restore to the records of the court a document which he should have filed with the clerk as part of the official record of the proceedings in the case. By their omission to perform the duty imposed upon them by law, the defendants can obtain no advantage which prevents the court

from ordering done what should have been done. They cannot profit by their own dereliction of duty.

In our opinion, the present case is governed by the rule established in *Currier* v. *The City of Toledo*, (11 Ohio Appeals, 50, 30 O. C. A., 430) in which the syllabus reads:

"By virtue of the provisions of Section 11538, General Code, the officer before whom a deposition is taken must transmit the same to the clerk of the court, and the deposition becomes, *when taken, whether filed or not,* an official document under the control of the court and may be used by either party according to its competency and relevancy."

The question of costs seems to have been waived as the refusal of the notary and the attorney for the defendant having the custody and control of the deposition to file the same is not placed upon the ground of non-payment of costs. However, the costs appear to have been sufficiently tendered by the plaintiff and if any point is made of the non-payment of costs, their payment will be secured by proper entry.

For these reasons, the motion of the plaintiff to complete the record and require the officers of this court having the custody and control of the deposition of the plaintiff to file the same, as of the date the same should have been filed in accordance with law, will be granted.

Whether such deposition after the same is filed in case No. 58908, is admissable in case No. 59084, is a question which cannot arise until it is offered in evidence in that case, and hence is not passed upon in this opinion.